NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 251162-U

NO. 4-25-1162

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 16, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| ZACHARY T. PUZAUSKAS, | ) | No. 25CF562 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | William A. Yoder, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Vancil and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, finding the trial court did not err in denying
defendant pretrial release.

¶ 2    Defendant, Zachary T. Puzauskas, appeals the trial court's denial of his motion

for reconsideration of pretrial detention pursuant to article 110 of the Code of Criminal

Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2024)). On appeal, defendant argues the

court erred in finding no pretrial release conditions could mitigate the threat he posed and that he

was unlikely to comply with any release conditions. We affirm.

¶ 3                         I. BACKGROUND

¶ 4    On May 21, 2025, the State charged defendant with two counts of unlawful

possession of a weapon by a felon, a Class 3 felony (720 ILCS 5/24-1.1(a), (e) (West 2024)),

five counts of unlawful possession of firearm ammunition by a felon, a Class 3 felony (720 ILCS

5/24-1.1(a), (e) (West 2024)), methamphetamine possession, a Class 2 felony (720 ILCS 646/60(a), (b)(2) (West 2024)), unlawful possession of methamphetamine, a Class 3 felony (720 ILCS 646/60(a), (b)(1) (West 2024)), unlawful possession of a controlled substance, a Class 4 felony (720 ILCS 570/402(c) (West 2024)), and unlawful possession of hypodermic syringes and needles, a Class A misdemeanor (720 ILCS 635/1, 4 (West 2024)). A grand jury subsequently indicted defendant on the 10 felony counts.

¶ 5        On May 21, 2025, the State filed a petition to deny defendant pretrial release, and the trial court conducted a detention hearing on the same day. According to the State's probable cause statement, officers went to defendant's residence, which he shared with his mother, after K.L., a 15-year-old minor, was reported to have run away. K.L. had previously run away from her home and had been found "hiding inside [defendant's] residence *** after the defendant had secreted the child inside the residence and hidden her there." Both defendant and his mother "consented to a police search inside the residence for the missing child." In defendant's bedroom, officers observed a glass pipe, an open bag of individually sealed hypodermic needles, a prescription pill bottle containing a substance that field-tested positive for methamphetamine, and a second container holding the same substance.

¶ 6        Officers obtained a search warrant for the rest of the residence, as well as the property's garage and storage shed. Inside the shed, officers found a glass pipe, a "revolver firearm," a 9-millimeter firearm, 12-gauge shotgun ammunition, 7.62-millimeter ammunition, and a plastic baggie containing 6.55 grams of a substance that field-tested positive for methamphetamine. Inside the garage, officers found a "pistol firearm" and a 9-millimeter pistol magazine. Officers also found 9-millimeter ammunition in defendant's bedroom. Defendant told officers that he built firearms as a hobby.

¶ 7 Defendant was previously convicted of possessing more than five grams of methamphetamine, a Class 3 felony (720 ILCS 646/60(a), (b)(1) (West 2020)), in McLean County case No. 21-CF-239, and as a result, he could not legally possess any firearm or firearm ammunition. Defendant did not successfully complete his felony probation in that case.

¶ 8 Defense counsel argued most of the firearms discovered were homemade and not capable of being fired. Defendant had lived in McLean County for his entire life, had a high school diploma, was self-employed, and had one child, whom he supported financially. Defendant's prior criminal history consisted of nonviolent offenses, and he cooperated with law enforcement during the investigation. While defendant had been living with his parents, he had other places he could stay if his parents obtained a no-contact order against him. Counsel argued there was no indication defendant intended to use the firearms to threaten or harm anyone else. Based on this, counsel insisted defendant was not a danger to anyone else, and pretrial conditions would mitigate any potential threat he might pose.

¶ 9 The State clarified it was aware that most of the firearms discovered were inoperable, and the charges brought against defendant reflected that fact. The State proffered that defendant "claimed that all of [the firearms] were inoperable, but he said the end goal or the final task would be to see if they were capable of firing live rounds." He also informed officers "that he was trying to write a book about assembling firearms from trash or household materials." The State argued the proof was evident or presumption great that defendant committed multiple detainable offenses, he posed a threat to the community because he assembled multiple firearms and possessed large amounts of ammunition despite being prohibited from possessing either due to his status as a convicted felon, and lesser conditions would not mitigate the threat defendant posed because he refused to comply with the legal restriction against felons possessing firearms

and ammunition. The State further argued defendant would not comply with pretrial conditions because the pretrial conditions imposed in Woodford County case Nos. 25-CF-78 and 24-MT-287 prohibited him from possessing firearms, but he failed to comply with those restrictions. Additionally, defendant had previously failed to complete felony probation successfully.

¶ 10　　　　The trial court granted the State's petition, finding it proved by clear and convincing evidence the proof was evident or presumption great that defendant committed a detainable offense, he posed a threat to the community, and no pretrial release conditions would mitigate that threat. Specifically, the court found defendant's possession of firearms and ammunition, combined with his criminal history and the drugs and drug paraphernalia discovered during the search, showed he posed a real and present threat to the community. The court emphasized defendant had been granted pretrial release in two pending cases, and his possession of firearms and ammunition violated the release conditions in both cases. Defendant also failed to complete his felony probation term successfully in McLean County case No. 21-CF-239. The court concluded, "[W]hen you have substance abuse issues and violations of court orders, and then you add firearms and ammunition into that, that is a recipe for disaster."

¶ 11　　　　On September 19, 2025, defendant filed a motion for relief pursuant to Illinois Supreme Court Rule 604(h)(2) (eff. Apr. 15, 2024), arguing the trial court erred in finding he was unlikely to comply with pretrial release conditions and insisting such conditions "would reasonably mitigate any identified risk." After a hearing, the court denied the motion.

¶ 12　　　　This appeal followed.

¶ 13　　　　　　　　　　　　　　II. ANALYSIS

¶ 14　　　　We note that Illinois Supreme Court Rule 604(h)(8) (eff. Apr. 15, 2024) requires

the decision in this case to be filed within 100 days of the filing of the notice of appeal unless good cause for the delay is shown. We find good cause here, as we granted defendant's motion seeking an extension of time to file his appellate memorandum supporting his motion for relief, and, as a result, the case was not submitted to us until after the 100-day deadline had passed.

¶ 15    The Office of the State Appellate Defender, defendant's appointed counsel on appeal, did not file a supporting memorandum. Thus, defendant's motion for relief will serve as his argument on appeal. See Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024). His motion alleges the trial court erred in finding he is unlikely to comply with release conditions, and it insists there are "available and feasible conditions of release that would reasonably mitigate any identified risk." We disagree.

¶ 16    Under section 110-6.1(e) of the Code (725 ILCS 5/110-6.1(e) (West 2024)), it is presumed all criminal defendants are entitled to pretrial release. The State may seek a defendant's pretrial detention if he is charged with a detainable offense as enumerated in the Code and, after a hearing, the trial court finds his release would present "a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case," or he "has a high likelihood of willful flight to avoid prosecution." 725 ILCS 5/110-6.1(a)(1), (1.5), (8) (West 2024). The State must also show no condition or combination of conditions can mitigate the real and present threat the defendant's release poses to the safety of any person or persons or the community. 725 ILCS 5/110-6.1(e)(3)(i) (West 2024). The State bears the burden of proving "by clear and convincing evidence that any condition of [pretrial] release is necessary." 725 ILCS 5/110-2(b) (West 2024). Where, as here, the parties proceed solely by proffer at the detention hearing, we review the court's decision *de novo*. *People v. Morgan*, 2025 IL 130626, ¶ 54.

¶ 17        Defendant essentially argues the State failed to show by clear and convincing evidence that no pretrial release conditions could mitigate the threat he posed to the community. However, defendant had been granted pretrial release in two different pending cases, Woodford County case Nos. 25-CF-78 and 24-MT-287, when the State brought charges against him in the instant case. Defendant's release conditions in those cases required him to refrain from committing further offenses and possessing firearms or ammunition. As a felon, defendant was also statutorily forbidden from possessing firearms and ammunition. See 720 ILCS 5/24-1.1(a) (West 2024). Despite these unambiguous prohibitions, defendant continued building firearms in his home, and officers discovered different calibers of ammunition in his bedroom, garage, and storage shed, thereby implying the actual or intended construction or possession of multiple firearms of differing calibers. Defendant also possessed a substance that field-tested positive for methamphetamine, two different glass pipes, and individually sealed hypodermic needles after being granted pretrial release. Further, defendant did not successfully complete felony probation in McLean County case No. 21-CF-239. For all these reasons, the trial court did not err in finding no pretrial release conditions would mitigate the threat he posed because he was unlikely comply with any release conditions imposed. See *Morgan*, 2025 IL 130626, ¶ 54.

¶ 18        Defendant's motion lists his father's poor health, his child support obligation, his long-standing ties to the community, his opportunity to work as a freelance web developer, and his parents' willingness to house him as changed circumstances indicating pretrial release is appropriate. But none of these factors undercut the rationale supporting the trial court's decision to deny pretrial release. Indeed, most of them are not even changes in defendant's circumstances. Defendant was already living with his parents when charges were brought against him in the instant case. The court previously considered defendant's employment status and ties to the

community when it initially granted the State's motion to deny pretrial release. Even if defendant's father's poor health and defendant's child support obligation constitute changes in his circumstances, they cannot overcome his failure to comply with pretrial conditions in two different cases that were pending when the instant case began or his earlier failure to complete felony probation successfully. Accordingly, we cannot say the court erred in finding defendant was unlikely to comply with pretrial release conditions and denying pretrial release. See *Morgan*, 2025 IL 130626, ¶ 54.

¶ 19                                    III. CONCLUSION

¶ 20            For the foregoing reasons, we affirm the trial court's judgment.

¶ 21            Affirmed.